UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KAREN KAY PHILLIPS, | § | CIVIL ACTION NO.: |
| Plaintiff, | § | |
| | § | |
| V. | § | 6:23-CV-00293-JDK |
| | § | |
| SMITH COUNTY TEXAS, | § | |
| PHILIP GREANEAD, | § | |
| DETECTIVE JOHNATHAN PETERS, | § | |
| DEPUTY RILEY RUGG, AND | § | |
| LARRY SMITH COUNTY SHERIFF, | § | |
| Defendants. | | |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

NOW COMES, Plaintiff, **KAREN KAY PHILLIPS**, by and through her undersigned

attorneys of record, and in accordance with the Federal Rules of Civil Procedure, files this, her

*First Amended Complaint*, against Defendants Smith County, Texas (hereinafter, "Smith

County"); Larry Smith, Smith County Sheriff, in his official capacity and his individual capacity

(Sheriff Smith); Philip Greanead; Detective Johnathan Peters, individually and in his official

capacity as detective in Smith County (Det. Peters), Deputy Riley Ruggs (Deputy Ruggs);,

individually and in his official capacity as deputy sheriff. For cause of action, KAREN KAY

---



The Jakob Law Firm, P.C.

PHILLIPS would show unto the Court the following:

## I.
## INTRODUCTION

1.    On or about the 28th of March, 2023, Plaintiff was accused of allegedly interfering with public duties after her home was illegally searched in Smith County, Texas by the Smith County, Texas Sheriff's Office.  Plaintiff brings suit under 42 USC § 1983 for unlawful entry and search of the home, seizure of property, unlawful arrest, false imprisonment, and official oppression in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

## II.
## JURISDICTION AND VENUE

2.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. §1983.

3.    This court has jurisdiction under 28 U.S.C. §1331 and 1343 because this civil action arises under the Constitution, laws, or treaties of the United States.

4.    Venue is proper in this district under 28 U.S.C. §1391(b)(1) because at least one of the defendants resides in this district and all defendants reside in the State of Texas.

5.     Venue is alternatively proper in the Eastern District of Texas, Tyler  Division, pursuant to 28 U.S.C. 1391(b), or concurrent jurisdiction with Smith County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District. –Venue is also proper in this district under 42 U.S.C. §1983 because the alleged unlawful practice was committed in this state within the jurisdiction of this court.

### III.
### PARTIES AND SERVICE

6.     Mrs. Phillips is the Plaintiff, who is a resident of Smith County, Texas. Mrs. Phillips may be served by serving the undersigned attorney of record.

7.     Smith County, Texas is a Defendant. Smith County, Texas may be served with process at 227 N. Spring Ave, Tyler, Texas 75702 under the authority of Texas Civil Practice & Remedies Code section   17.024(a).

8.     Defendant Phillip Greanead is an individual and the Detective of Smith County, Texas. Phillip Greanead is an elected official who has duties and responsibilities under the laws of the State of Texas and Smith County–Government, Texas. Detective Greanead is being sued in his official capacity as Detective of Smith County, Texas as well as his individual capacity. Detective Greanead may be served at 227 N. Spring Ave, Tyler, Texas 75702.

9.      Defendant, Deputy Johnathan Peters is an individual and a Smith County Deputy who has duties and responsibilities under the laws of the State of Texas and Smith County- Government of Smith County, Texas.  Deputy Peters is being sued in his official capacity as Deputy of Smith County, Texas as well as his individual capacity and he may be served at 227 N. Spring Ave, Tyler, Texas 75702.

10.     Defendant, Deputy Riley Rugg is an individual and a Smith County Deputy who has duties and responsibilities under the laws of the State of Texas and Smith County- Government of Smith County, Texas. Deputy Rugg is being sued in his official capacity as Deputy of Smith County, Texas as well as his individual capacity and he may be served at 227 N. Spring Ave, Tyler, Texas 75702.

11      Defendant, Larry Smith is an individual, and a Smith County Sheriff who has duties and responsibilities under the laws of the State of Texas and Smith County- Government of Smith County, Texas. Sheriff Smith is being sued in his official capacity as Sheriff of Smith County, Texas as well as his individual capacity and he may be served at 227 N. Spring Ave, Tyler, Texas 75702.

## VI.

### FACTS / FACTUAL ALLEGATIONS

First Amended Complaint
CF/1000-001-Const.
Page 4 of 21

The Jakob Law Firm, P.C.

**THE FACTUAL BASIS AND LEGAL THEORIES IN THIS MATTER WHICH ARE CONTAINED AND INCORPORATED IN PLAINTIFF'S AFFIDAVITS AND DOCUMENTS PROVIDED ATTACHED HERE TO THIS ORIGINAL COMPLAINT.**

12.     Plaintiff, Mrs. Karen Phillips has been an elected official for the past twelve (12) years. Mrs. Phillp's currently holds office as the County Clerk for Smith County. Her husband, Terry Phillips, has been the County Commissioner of Smith County for the last fifteen (15) years. Both Mr. and Mrs. Phillip's have attended many political functions together over the years, including annual Sheriff's awards banquets. Mrs. Phillips have felt extremely comfortable interacting with Peace Officers, Bailiffs of the Court, Security Guards, and other political officials including law enforcement.

13.     On the night of March 28, 2023, Mrs. Phillip's was reading a book inside her home around 9:40 p.m.  Mrs. Phillip's stated her husband, Terry Phillips, had gone to pick up dinner when Mrs. Phillip's heard a car pull up, she went to the kitchen expecting it to be Mr. Phillips but noticed red and blue lights flashing outside the window.

14.     Officer Johnathan Peters was standing in Mrs. Phillip's driveway with Cody Voss and Derek Phillips. Mrs. Phillips felt safe in approaching the unit and asking the question, "what's going on?" Deputy Peters said to Cody Voss, who was in handcuffs now, he needed identification.  Mrs. Phillips asked Deputy Peters, "Do you have a way of using the radio to enter his license number to find out who you are pulling over? Deputy Peters said, "No, I don't" The scene then escalated and before this event had concluded, my son, Derek Phillips and Cody Voss were arrested.

15.     On March 28th 2023, Mrs. Phillip's world was turned upside down when Smith County Sheriff deputies with the Smith County Sheriff's Office unlawfully searched her home, and unlawfully later arrested Mrs. Phillips, took her to jail, and falsely charged her with interference with public duties. However, Mrs. Phillip's did not interfere with the arrest of her son even though the officer had entered her private property and entered her home without permission, and the Defendants violated her federally protected constitutional rights under the fourth and fourteenth amendments.

16.     The deputies were performing a duty or exercising authority imposed or granted by law, detaining Derek Phillips. Mrs. Phillip's was later arrested for allegedly interfering with public duty. However, when anyone is to see ones, child being arrested no parent is going to leave the room.  Mrs. Phillip's stayed in the room while Deputy Peters and Deputy Rugg handcuffed Derek Phillip's. When Deputy Peters and Deputy Rugg raised Derek Phillip's to a standing position that's when both deputies state I interfered with public duties.  Mrs. Phillip's states there is no other exit out of the bedroom except to return the same way they entered.

17.     Mrs. Phillips alleges and would prove that at no time on March 28th, 2023, did either Johnathan Peters or Riley Rugg state to Derek Phillips he was being detained. Mrs. Phillips also would prove the interference with public duties is falsified and they entered her home illegally without obtaining a warrant and violated her constitutional rights.

18.     Such an official policy, custom or practice regarding procedures for obtaining warrants was inadequate to prevent a constitutional violation of Mrs. Phillip's Fourth and Fourteenth

Amendment rights to be free from illegal search, false arrest or imprisonment or denial of due process.

19.    Mrs. Phillips alleges and would prove that Sheriff Smith was deliberately indifferent to the substantial risk that his official policy, custom or practice was inadequate to prevent violations of law including violations of Mrs. Phillips fourth and fourteenth amendment rights by his deputies, under the facts and circumstances of this case. Unlawful search and seizure, false arrest and imprisonment were known or obvious consequences of Smith County Sheriff's inadequate policies or failure to train or supervise his deputies.

20.    Mrs. Phillips alleges and would prove that Smith County Deputies were acting in an official capacity as a "under color of law" pursuant to Deputy Peter's official policy, practice or custom under direct supervision of SCSO.

21.    Admittedly, SCSO did not discipline its deputies for following a constitutionally defective policy, practice, or procedure or for engaging in job duties, for which they lacked adequate training.

22.    Mrs. Phillips alleges and would prove that her unlawful search warrant, arrest, and incarceration by Deputies Peters and Ruggs, pursuant to the official policies, practices and

procedures of Sheriff Smith and SCSO deprived Mrs. Phillips of her particular rights under the laws of the United States or the United States Constitution including unlawful search, arrest and incarceration as explained hereinabove.

23.     The official policy, custom or practice regarding procedures for obtaining warrants of SCSO by inadequately trained or supervised deputies were not adequate to prevent violations of law, under the alleged facts and circumstances of this case. Sheriff Smith's failure or refusal to maintain adequate written policies and procedures and to train his deputies to competently handle such usual and recurring situations as applying for search warrants based on body camera footage is material evidence of his deliberate indifference.

24.     The alleged facts and circumstances of this case show that Sheriff Smith and SCSO were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its deputies or known or obvious consequences of its failure to train its deputies and supervise its department adequately.

25.     The failure of Sheriff Smith and SCSO to prevent violations of law by his deputies or to provide adequate training as alleged hereinabove caused the deprivation of Mrs. Phillip's rights by Deputies Ruggs and Peters, and detective Greanead acting "under color of state law". In other words, Sheriff Smith's failure to prevent violations of law by his deputies or to train them

adequately played a substantial part in bringing about or actually causing the injury or damage

to Mrs. Phillip's and others, under the alleged facts and circumstances of this case.

26.      Mrs. Phillips alleges and would prove, SCSO and Sheriff Smith were motivated by

retaliation based on her husband Terry Phillips commissioner status questioning Sheriff Smith's

expenditures in regarding how tax dollars are being spent.

27.      Mrs. Phillips also alleges and would prove she suffered from official oppression based on

SCSO's continued prosecution and pressure to search her home without a warrant under threat of

conviction on charges that were known to SCSO. On July 29th, 2023 Deputy Denworth and

Deputy Stockwell imposed illegal detainment on both Mr. and Mrs. Phillp's for failure to

provide a warrant to enter the Phillip's home in search for evidence. Deputy Denworth and

Deputy Stockwell threaten both Phillip's with charges of harboring evidence if not allowed

inside their home without a warrant. The SCSO illegally searched their home on July 29th, 2023.

28.      Mrs. Phillips alleges and would prove that each of the Defendants officially and

individually and all of them acting in conspiracy "under color of state law" pursuant to official

policy, practice or custom proximately caused her to suffer extreme mental or emotional distress

and anxiety including fear, frustration, stress, anger, heartache, nightmares, embarrassment,

anxiety as well as loss of sleep, loss of appetite, headaches, upset stomach and physical pain and suffering beginning on March 28th 2023.

29.     During the months of prosecution against her for a crime she did not commit, Mrs. Phillips feared that she could be wrongfully convicted and sentenced to prison on the same false claims that resulted in the search warrant, false arrest and imprisonment, and false charges on March 28th 2023, notwithstanding her innocence and exculpatory evidence.

31.     Ms. Phillips also feared that she could be incarcerated at any time before trial if she was accused of violating the terms of her pre-trial release on bond. She knew that she could spend months or years sitting in jail if her bond was revoked for any reason. This was a constant source of fear, that Mrs. Phillips could be subjected to bond revocation proceedings, arrested, and taken to jail at any time.

32.     Mrs. Phillip's was extremely frustrated, distressed, embarrassed, and anxious by the ongoing prosecution and her inability to defend herself against false charges because nobody paid any attention to her true claim of innocence and exculpatory evidence.

33.     Mrs. Phillip's also alleges that she suffered significant loss of sleep, nightmares, loss of appetite, headaches, upset stomach and physical pain and suffering proximately caused by the

Defendants acting in concert and individually beginning on March 28th, 2023, with her false

arrest, imprisonment, and prosecution.

34.     In addition to the extreme mental and emotional distress and anxiety that Mrs. Phillip's

suffered, the Defendants' wrongful acts and omissions, under the alleged facts of this case,

proximately caused her to lose her reputation. These consequences were devastating because

now Mrs. Phillip's is estranged from family, friends and co-workers.

35.     Consequently, Mrs. Phillips reasonably expects to suffer future damages until she may be

adequately compensated for her loss due to Sheriff Smith releasing the raw footage of law

enforcement BWC recordings on April 7th, 2023, to three TV stations without redacting Mrs.

Phillips sensitive data causing Mrs. Phillips to receive harassing emails, messages on Facebook,

and unknown calls throughout the night.

36.     Mrs. Phillips alleges and would prove that Defendants Sheriff Smith, Deputies Ruggs

and Peters, and Detective Greanead should be held liable in their official and individual

capacities. These Defendants cannot avoid personal liability because their wrongful acts or

omissions under "color of authority of state law, pursuant to the official policies, practices or

customs of SMITH County, Texas, SCSO and Sheriff Smith, show a pattern or practice of

constitutional violations with conscious indifference to Mrs. Phillips federally protected rights,

privileges or immunity, which were clearly established in the Fifth Circuit or the United States

Supreme Court at relevant times, under the alleged facts and circumstances of this case.

37.     Mrs. Phillips respectfully submits that she may be justly entitled to an award of actual

damages against the Defendants, jointly and severally, in their official capacities, as well as

punitive or exemplary damages against the Defendants, jointly and severally, in their individual

capacities, according to a jury verdict after a trial on the merits.


### VII.
#### CAUSES OF ACTION


**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE
CONTAINED AND INCORPORATED IN THE FACTS/FACTUAL ALLEGATIONS
AND ALL PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENT ATTACHED
TO THIS ORIGINAL COMPLAINT.**


38.     Plaintiff contends that defendant's unlawful entry and search of her home by the Smith

County Sheriff's Office, Smith County, and Detective Greenhead did violate and in furtherance

did intentionally, knowingly and with disregard violate plaintiff's rights by illegal entry and

illegal search of her home without a warrant and later attempting to fabricate evidence to later

charge her with a crime of interfere with public duties. Defendants they then in furtherance

conspired to conceal the fact upon discovery of the of the planted evidence effecting the plaintiff

constitutional rights to such an utter extent of knowingly, recklessly, intentionally or with reckless disregard for the truth and the constitutional rights.

39.   These actions executed by SMITH COUNTY TEXAS-GOVERNMENT and its public officials (Sheriff Larry Smith), officers (Johnathan Peters) and agents to carry out these constitutional deprivations and avoidance of due process of law was taken by defendants in a manner that was willful, deliberate, malicious, or with reckless disregard for Plaintiff's clearly established constitutional and statutory rights.

40.   Furthermore, the Sheriff's Office and Sheriff Smith did attempt to discredit and attack the Phillips family in a conspiracy to advance his political agenda against Terry Phillips, a sitting Smith County Commissioner and Karen Phillips, who the County Clerk of Smith County, Texas in an attempt to cause harm to the plaintiff.  The Defendant's worked in concert to release the personal information of the residence of the plaintiff by providing the news the body cam footage without redacting her personal information to include her home address.

41.   Title 42 United States Code Section 1983 states:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,*

*suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.*

42.    Defendant's actions occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right of plaintiff. *See*, *West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, the individuals named have personally participated in an alleged constitutional rights deprivation.

43.    Plaintiff claims her constitutional rights as follows was violated by the defendants:

(a).  U.S. CONST. amend. XIV, § 1. "The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities;

(b).  US CONST. amend. IV. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized;

(c).   US CONST. amend. V. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation;

(d).   US CONST. amend. VI.  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense; and

(e).   US CONST. amend. VIII. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

44.   Herein this complaint, plaintiff alleges and complains that her constitutional rights were violated by two or more persons who actively conspired to injure, oppress, threaten, or intimidate any in her free exercise or enjoyment of any right or privilege secured to her by the Constitution or laws of the United States and the Laws of the State of Texas. The defendant's conduct was the

actionable cause of the claimed injury.  Due to plaintiff's arrest based on a baseless and false arrest the continual wrongful prosecution of plaintiff by Smith's District Attorney's Office.

45.    Plaintiff believes Smith County Sheriff's Office intentionally arrested plaintiff and fabricated evidence in further attempts of violating her constitutional rights by wrongfully prosecuting the plaintiff   is a direct violation of her constitutional rights and direct causation-in-fact and proximate causation of depriving the plaintiff of her constitutional rights violating her:

(a).    Fourth Amendment protections against unreasonable searches and seizures, including the use of excessive force during an arrest and detention;

(b).    Fifth Amendment life, liberty, or property, without due process of law;

(c)    Sixth Amendment Eighth Amendment protections against excessive bail and cruel and unusual punishment; and

(d).    Fourteenth Amendment's substantive and procedural due process, as well as equal protection.

(e)    First Amendment retaliation including official oppression or malicious prosecution motivated by retaliation after Mrs. Phillip's persisted in maintaining her innocence, political office, refusal to accept a plea deal, and talked to the news media regarding the facts and circumstances of the false charges and prosecution related to the case against her as well as constitutional violations related to official policies of SMITH

COUNTY and SCSO related to the use of of obtaining search warrants, false arrests and imprisonment, which were matters of general public concern. ·

Failure to train or supervise.

Mrs. Phillips also claims denial or infringement of her federally protected rights, privileges or immunity proximately caused by the Defendants wrongful acts or omissions "under color of state law" pursuant to official policies, practices or custom of SCDA, SCSO and Smith County, Texas, related to the use of confidential informants in procuring search warrants that may be based solely on the word of the informant without adequate written policies and training as necessary to protect the rights, privileges or immunity of Mrs. Phillips and the public against violations or infringement of their federally protected constitutional and statutory rights, under the alleged facts and circumstances of this case.

Specifically, Mrs. Phillips alleges and would prove as follows:

1.  the unlawful search, arrest and incarceration of Mrs. Phillips and other persons by Defendants deprived herself and others' particular rights under the laws of the United States or the United States Constitution including unlawful search, arrest and incarceration as explained hereinabove;

2.  Defendants acted under color of state law;

3.      the official policy, custom or practice regarding procedures for obtaining

warrants of SCSO and SCDA were not adequate to prevent violations of law by

sheriff deputies and other government employees, and/or SCSO failed to

adequately train or supervise its deputies to handle the usual and recurring

situations with which they must deal;

4.      SCSO and SCDA were deliberately indifferent to the substantial risk that their

official policies were inadequate to prevent violations of law by their deputies,

confidential informants or prosecutors, or known or obvious consequences of

their failure to train SCSO deputies and confidential informants adequately; and

5.      the failure of SMITH COUNTY to prevent violations of law by its employees or

to provide adequate training caused the deprivation of Mrs. Phillips' rights by the

Defendants; that is, the Defendant's failure to prevent violations of law by its

employees or to train played a substantial part in bringing about or actually

causing the injury or damage to Mrs. Phillips and others.

## VII.
### DAMAGES

46.   Plaintiff prays the Court award Plaintiff's damages against defendants in the maximum
amount permitted under State and Federal laws pursuant to the claims brought under the

allegations of the numbered paragraphs above including, but not limited to, actual damages, as well as punitive damages where allowed by law. Said amount requested by Plaintiff exceeds the minimum jurisdictional limits of the Court and includes but is not limited to, damages pursuant to 42 U.S.C. §§ 1983 and 1985 and Texas Constitution Bill of Rights, and the United States Constitution.

## VIII.
### COSTS AND ATTORNEY'S FEES

47.    Plaintiff is entitled to recover her reasonable and necessary attorneys' fees and costs as are found to be just and equitable pursuant to 42 U.S.C. §1983 and §1985, and other applicable law as the Court may deem fit. Plaintiff request the Court to award said costs and attorneys' fees against Defendants.

## IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff,  KAREN KAY PHILLIPS individually and managing member of Ardent 1, LLC, respectfully prays the Court award Plaintiffs:

(a).   Judgment from and against Defendant for damages in an amount as the Court may deem appropriate, awarded in favor of Plaintiff as the Court may find fair and equitable;

(b).  Punitive damages the City to the maximum extent allowed by law to which Plaintiff has shown themselves to be entitled and/or as may be allowed by applicable law;

(c)  Pre-judgment and post-judgment interest on all amounts awarded to Plaintiff against Defendant by the Court;



(d) Reasonable and necessary attorneys' fees incurred by Plaintiff in connection with this action, together with costs of court; and

(e) Any and all other relief, at law or in equity, to which the Plaintiff have shown herself entitled in the opinion of the Court or as otherwise deemed appropriate by this Honorable Court.

Respectfully submitted,

*Law Offices of:*

**THE JAKOB LAW FIRM, P.C.**
PNC BANK TOWER—TETCO Center
1100 N E Interstate Loop 410, Suite 200
San Antonio, Texas 78209
Tel.:  (210) 226-4500
Fax:  (210) 226-4502
Email:  service@thejakoblaw.com

By: _____

**JASON J. JAKOB**
State Bar No.:  24042933
Email:  jjakob@thejakoblaw.com
Attorney for Plaintiff,
**KAREN KAY PHILLIPS**

PLAINTIFF REQUESTS TRIAL BY JURY

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above was served upon the following parties of record in this matter in accordance with Rule 21a Tex.R.Civ.P. on August 29, 2023:

Robert S. Davis, Esq.
Lee I. Correa, Esq.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

By Means E-File and E-mail:  rsd@flowersdavis.com
                             lic@flowersdavis.com

JASON J. JAKOB, ESQ.