IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KAREN KAY PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SMITH, PHILIP GREANEAD, SMITH COUN1Y DETECTIVE; JOHNATHAN PETERS, SMITH COUNTY DEPUTY; RILEY RUGG, SMITH COUNTY DEPUTY; AND **WARNED** LARRY SMITH., SMITH COUNTY SHERIFF;<br><br>Defendants. | §<br>§<br>§ CIVIL ACTION NO. 6:23-CV-00293-JDK<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' the County of Smith, Philip Greanead, Johnathan Peters, Riley Rugg, and Larry Smith (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 15.) Plaintiff filed a response in opposition (Doc. No. 19), to which Defendants filed a reply (Doc. No. 20). For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 15) be **DENIED** and that this case be **ADMINISTRATIVELY CLOSED** pending resolution of Plaintiff's state criminal case.

### BACKGROUND

Plaintiff filed this action against Defendants on May 30, 2023, for alleged violations of constitutional rights pursuant to 42 U.S.C. § 1983, in the Southern District of Texas. (Doc. No. 1.) On June 13, 2023, the case was transferred to this district. (Doc. No. 2.) On June 27, 2023,

1

Defendants filed a motion to dismiss the original complaint (Doc. No. 4). Thereafter, Plaintiff obtained counsel to represent her in this matter and the court provided Plaintiff an opportunity to file an amended complaint. (Doc. No. 11.) On August 29, 2023, Plaintiff filed her amended complaint in this matter. (Doc. No. 13.) Thereafter, Defendants filed the instant motion to dismiss (Doc. No. 15).

The claims arise from an incident that occurred on March 28, 2023. *Id.* at ¶ 13. Plaintiff alleges that she was at home that night when officers pulled into her driveway in a squad car with lights on. *Id.* Plaintiff alleges that Officer Jonathan Peters was standing in her driveway with her son, Derek Phillips, and his friend, Cody Voss. *Id.* at ¶ 14. Plaintiff alleges that she approached the unit to ask what was going on when she found Cody Voss in handcuffs and Officer Peters asking him for identification. *Id.* Plaintiff alleges that she then asked Officer Peters if there was a way he could radio in the license plate number to identify who he had pulled over, and he said that there was not. *Id.* From there, Plaintiff alleges that the scene escalated and that her son, Derek Phillips, and his friend, Cody Voss, were arrested. *Id.* Plaintiff then alleges that Smith County Sheriff deputies unlawfully searched her home and wrongfully arrested her for interference with public duties. *Id.* at ¶ 15. As a result, Plaintiff alleges that Defendants violated her Fourth and Fourteenth Amendment rights. *Id.* In addition, Plaintiff asserts a violation of the First Amendment for retaliating against her with malicious prosecution in maintaining her innocence. *Id.* at 16.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendants seek dismissal of Plaintiff's amended complaint under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and alternatively on grounds of qualified immunity and for failure to state a claim. (Doc. No. 15.)[1] Plaintiff contests the applicability of *Heck* as she has not been convicted of the charge against her. (Doc. No. 19.)

---

[1] Because the court finds that this matter should be stayed, as discussed herein, the court will not consider the alternative bases for dismissal raised herein.

Here, Plaintiff indisputably has not yet been convicted on her state charge of interference with public duties. Defendants attach her jail record showing that she was arrested on the charge of interference with public duties and released on a cash bond. (Doc. No. 15-1.) Defendants' motion provides no further detail or explanation regarding whether the district attorney will prosecute the charges against Plaintiff and instead merely suggests that should she be convicted, her civil claims would be barred by *Heck*. (Doc. No. 15.)

In *Heck*, the Supreme Court held that when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, she must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486. However, the Supreme Court has refused to extend *Heck* to pending criminal matters. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). Rather, when criminal charges are pending, a civil rights lawsuit should be stayed until the criminal charges pending against a plaintiff have run their course. *Id.*; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007); *U.S. v. $2,067,437.08 in U.S. Currency*, No. 6:07cv319, 2008 WL 238514 (E.D. Tex. Jan. 28, 2008).

Here, Plaintiff's primary civil rights claims that the arresting officers' actions in entering her home and arresting her were unlawful are necessarily intertwined with the validity of the charge for interference with public duties pending against her. It is not the role of federal courts to intervene in state court criminal proceedings. Moreover, if Plaintiff is eventually convicted on the criminal charges, then she may not proceed with her claims until *Heck* is satisfied. This case must, therefore, be stayed until the pending criminal charges against Plaintiff are resolved. *See, e.g., Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713–14 (5th Cir. 2004) (unpublished) ("Because the criminal proceedings against Busick were still pending when the district court dismissed his

case and are still pending, it is impossible to determine whether Busick's claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that Busick has received or might still receive. Thus, the district court should have stayed the proceedings in this civil action pending the resolution of the criminal charges against Busick."); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.").

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendants' motion (Doc. No. 15) be **DENIED**. Further, the court **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED** pending resolution of Plaintiff's state criminal case.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 18th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE